IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PACIFIC CENTURY INT'L, LTD.,

    Plaintiff,                                    No. CIV 2:11-cv-3479-KJM-JFM

    vs.

JOHN DOE,

    Defendant.                               ORDER

_____/

        Plaintiff filed an ex parte application seeking leave to take expedited discovery prior to the Rule 26 conference. See Doc. No. 7. Having considered plaintiff's papers and accompanying submissions, the court hereby grants the ex parte application on the grounds that plaintiff has demonstrated good cause to take early discovery to issue the subpoenas in this case. See Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577-80 (N.D. Cal. 1999). Specifically, plaintiff has shown that limited discovery of this basic subscriber information is essential in permitting plaintiff to eventually identify John Doe in this case, assess the damages against it, and proceed with its case. See id. Without such discovery, plaintiff would be unable to properly litigate this case and/or protect its copyright against potential infringers.

/////

/////

1

Accordingly, IT IS ORDERED that:

1. Plaintiff's January 12, 2012 ex parte application for expedited discovery is granted.

2. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Amended Complaint (Doc. No. 6-1) to obtain the following information about the subscribers – both John Doe and the alleged Co-Conspirators – corresponding to the IP addresses listed therein: the names, addresses, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this Order attached.

3. Each ISP will have thirty (30) days from the date a copy of this Order and a coy of the subpoena are served to respond, so that it may have sufficient time to provide notice to the subscribers whose information Plaintiff seeks to obtain.

4. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any time-filed motion to quash.

6. Any ISP that receives a subpoena pursuant to this Order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

7. Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities.

/////

/////

/////

8. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the Amended Complaint.

DATED: January 18, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;paci3479.jo

3