February 23, 2012

United States District Court
for the Eastern District of California
501 "I" Street
Sacramento, CA 95814



**FILED**

FEB 27 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

RE: Court Case Number 2:11-cv-03479-KJM-JFM

Dear Sir or Madam,

Enclosed is copy of a letter I received from Charter Communications that informed me of a potential disclosure of my personal and/or identifying information in the above court case. I am formally objecting to the court order. I do not permit my personal and/or identifying information to be disclosed. I have no relation to the plaintiff or any of its affiliates. I request that the court remove all information relating to my internet account, which can be found on the enclosed copy of the letter I received from Charter from the above court case.

Thank you,

Tony Truong
4808 Muscatel Ave.
Rosemead, CA 91770



Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

## IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY

February 17, 2012

Tony Truong
4808 Muscatel Ave
Rosemead, CA 91770-1245

### *OBJECTION DEADLINE*

### March 18, 2012, 4:00 pm CT

**References Used In This Notice**

- Court Case: Pacific Century Int'l, Ltd. (the "Plaintiff") v. John Doe, [Court Case No. 11-cv-3479-KJM-JFM]
- Court: United States District Court for the Eastern District of California
- Copyrighted Work: *Unknown*
- Identifying Information: Accountholder Name, Address(es), Telephone Number, Email Address(es), Modem MAC Address
- Charter Case Number: 12-0303
- Your ID Number: 05

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court by the objection deadline stated above. Copies of the court order and subpoena are attached.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account:

| IP Address | Modem MAC | CPE MAC | IP Lease Start Time | IP Lease End Time |
|---|---|---|---|---|
| 75.140.81.168 | 00:1e:46:83:7b:10 | 30:46:9a:f9:b8:79 | 2011/12/03 21:13:30 | 2012/01/23 19:29:04 |

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team") via facsimile at 314-909-0609 by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD <br> *Plaintiff* <br> v. <br> JOHN DOE <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No.  2:11-cv-03479-KJM-JFM <br> (If the action is pending in another district, state where: <br> Eastern District of California    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records/Subpoena Compliance: Charter Communications, LLC c/o Illinois Corporation Service Co.; 801 Adlai Stevenson Dr., Springfield, IL 62703-4261

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresss of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law Inc. <br> 161 N Clark St. Suite 3200 <br> Chicago, IL 60601 | Date and Time: <br> 04/13/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __01/20/2012__

CLERK OF COURT

OR  _____/s/_____
    *Attorney's signature*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Pacific Century International, LTD                  , who issues or requests this subpoena, are:
Paul Duffy; Prenda Law Inc.; 161 N Clark St. Ste. 3200, Chicago, IL 60601;pduffy@wefightpiracy.com; (312) 344-3207.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PACIFIC CENTURY INT'L, LTD.,

    Plaintiff,

vs.

JOHN DOE,

    Defendant.

No. CIV 2:11-cv-3479-KJM-JFM

ORDER

    Plaintiff filed an ex parte application seeking leave to take expedited discovery prior to the Rule 26 conference. See Doc. No. 7. Having considered plaintiff's papers and accompanying submissions, the court hereby grants the ex parte application on the grounds that plaintiff has demonstrated good cause to take early discovery to issue the subpoenas in this case. See Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577-80 (N.D. Cal. 1999). Specifically, plaintiff has shown that limited discovery of this basic subscriber information is essential in permitting plaintiff to eventually identify John Doe in this case, assess the damages against it, and proceed with its case. See id. Without such discovery, plaintiff would be unable to properly litigate this case and/or protect its copyright against potential infringers.

/////

/////

1

Accordingly, IT IS ORDERED that:

1. Plaintiff's January 12, 2012 ex parte application for expedited discovery is granted.

2. Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Amended Complaint (Doc. No. 6-1) to obtain the following information about the subscribers – both John Doe and the alleged Co-Conspirators – corresponding to the IP addresses listed therein: the names, addresses, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this Order attached.

3. Each ISP will have thirty (30) days from the date a copy of this Order and a coy of the subpoena are served to respond, so that it may have sufficient time to provide notice to the subscribers whose information Plaintiff seeks to obtain.

4. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any time-filed motion to quash.

6. Any ISP that receives a subpoena pursuant to this Order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

7. Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities.

/////

/////

/////

8. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the Amended Complaint.

DATED: January 18, 2012.

                                              /s/ John F. Moulds
                                              UNITED STATES MAGISTRATE JUDGE

/014:paci3479.jo

3