

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

PACIFIC CENTURY INT'L, LTD.,
    Plaintiff,            Civic Action No. 2:11-cv-03479-KJM-JFM

Vs.

JOHN DOE,
    Defendant

## MOTION TO QUASH ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f)

I, John Doe (IP 66.234.197.164), file a motion to quash the order granting PACIFIC CENTURY INTERNATIONAL, LTD application for leave to take discovery. This case should be dismissed immediately based on the following statements:

1.     NO PERSONAL JURISDICTION
Plaintiff has filed the case in the Eastern District of California, which does not have personal jurisdiction over Defendant's place of residence or employment. Defendant does not reside in the District nor can be found within the District. On this basis alone the subpoena should be quashed.

2.     IMPROPER JOINDER OF PARTIES
Plaintiff consistently makes mention of John Doe and co-conspirators. The claims against me qualify as a unique case. The "co-conspirators," who's IP addresses are listed in Exhibit A in Plaintiff's filing, all have completely different network configurations both at the Internet Service Provider (ISP) and own personal home network level. Each individual deserves a right to an individual investigation with individual accusal and defense. Joinder requires that each case share sufficient overlap to be grouped together. In this case, each DOE relies on entirely separate network configuration, and computer and network hardware. As a result, this case does not qualify.

A motion to quash was granted on an identical case in the Northern District of California filed by Plaintiff's firm, when they were formerly known as Steele Hansmeier, PLLC. On August 23, 2011, Judge Joseph C. Spero of the United States District Court for the Northern District of California issued an order severing all but one of the subpoenas. In his order, he stated,
> "Several judges in the Northern District of California have recently found that use of BitTorrent, like earlier P2P technologies, is not sufficient to

*satisfy the requirement of Rule 20(a), even if the Doe defendants are part of a single swarm. The reasons stated below, the Court finds that the latter approach is more persuasive. Therefore, the Court concludes that permissive joinder of the Doe Defendants is improper under Rule 20(a)."*
*(see Hard Drive Productions v. Does 1-188, case3:2011cv01566) (severed Does 2-188)*

3.      UNRELIABILITY OF IP ADDRESS TRACING

In identifying the alleged IP addresses, the Plaintiff claims it has produced software that can reliably trace an IP address to a person. IP-tracing software has repeatedly been proven to be less than 100% reliable. A study conducted by Microsoft Research stated,

> *"We show that, even without built-in host identities, using IP addresses, anonymized user IDs, and their associated events, we can track a large percentage of host activities with high accuracy. Overall, 76% of the events in this application log can be attributed to hosts, and 92% of hosts can be tracked correctly."*
> *(see http://research.microsoft.com/pubs/80964/sigcomm09.pdf)*

There is also a separate issue here. In the case of someone using an unsecured wireless router, an outside party can access their internet connection. This party can surf the internet, send emails, upload files, or download content. This unknown outside party would have the same IP address as anyone on the router itself. Therefore, there is no way to know, reliably and accurately, who the offending party was.

Many courts across the country have ruled against cases for these exact reasons. In a recent case filed in the Eastern District Court of New York (Case 2:11-cv-03995-DRH-GRB), New York Magistrate Judge Gary Brown labels mass-BitTorrent lawsuits a "waste of judicial resources." For a variety of reasons, he recommends other judges to reject similar cases in the future.

One of the arguments discussed in detail is the copyright holders' claim that IP addresses can identify the alleged infringers. According to Judge Brown, this claim is very weak:

> *"The assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."*
>
> *"An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones."*
>
> *"Thus, it is no more likely that the subscriber to an IP address carried out a particular computer function – there the purported illegal downloading*

> *of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call."*

The judge continue by arguing that having an IP address as evidence is even weaker than a telephone number, as the majority of US homes now have a wireless network. This means that many people, including complete strangers if one has an open network, can use the same IP address simultaneously. The judge notes that:

> *"Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film."*

Judge Brown also cites various other judges who have made comments on the IP address issue. In *SBO Pictures, Inc. v. Does 1-3036*, for example, the court noted:

> **"By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed."**

Judge Brown concludes that in these and other mass-BitTorrent lawsuits, it is simply unknown whether the person linked to the IP address has anything to do with the alleged copyright infringements:

> **"Although the complaints state that IP addresses are assigned to 'devices' and thus by discovering the individual associated with that IP address will reveal 'defendants true identity,' this is unlikely to be the case."**

4.     UNRELIABILITY OF MAC ADDRESS TRACING

For the subset of IP addresses that the Plaintiff has allegedly tracked, one would need the Media Access Control (MAC address) to find the material that the Plaintiff is accused of downloading. The MAC address would be a unique identifier to a device that downloaded the material. Any device with an internet connection has a unique MAC address. This would include routers, hubs, switches, wireless access point, desktops, laptops, smart phones, network attached storage, etc.

The issue is that ISPs typically "bind" to one MAC address. This MAC address would be associated with what is directly connected to the ISPs' modem, which generates the internet connection. In my particular network configuration, the MAC address that my ISP would report would be my wireless router. This device, unless equipped with a storage device, would have no files on it other than

the routing software provided by the original equipment manufacturer (OEM). Once again, Plaintiff has grossly misrepresented their capabilities of tracing. In my network configuration, I have many devices connected to the router, including potential unknown parties connecting through my wireless connection. Any of these could be associated with the complaint.

In addition, there are many solutions and applications that are available free and online that allow an individual to impersonate or falsify a MAC addresses (just like IP addresses). This makes it extraordinarily difficult to accurately pinpoint a specific device where the alleged offense occurred. This would be especially true if an unknown party connected to my wireless router and never connected to it again. With this uncertainty, the Plaintiff's investigation would be unable to verify who downloaded the material and where it was downloaded to.

For all of the reasons previously outlined, I move that the subpoena be quashed immediately and this case be dismissed.

Dated: May 2, 2012

                                                  Respectfully,
                                                *s/John Doe*
                                                John Doe
                                                (IP 66.234.197.164)
                                                *pro se*