Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., <br>            Plaintiff, <br>    v. <br> JOHN DOE, <br>            Defendant. | No. 2:11-cv-03479-KJM-JFM <br><br> Judge: Hon. Kimberly J. Mueller <br> Magistrate: Hon. John F. Moulds <br><br> **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f)** |

     An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 66.234.197.164 filed a motion to quash Plaintiff's discovery application. (ECF No. 13.) Movant argues that the Court lacks personal jurisdiction over him (*id.* at 1.), argues that parties have been improperly joined in the case (*id.* at 1-2), and discusses the unreliability of IP address tracing and MAC address tracing (*id.* at 2-4.) Based on these arguments, Movant requests that "the subpoena be quashed immediately and this case be dismissed." (*Id.* at 4.) For the reasons outlined below, Movant's motion must be denied.

**ARGUMENT**

     This brief consists of two parts. Part I argues that Movant's motion suffers from several fatal procedural defects. Part II argues that Movant's substantive arguments are erroneous and premature.

## I. MOVANT'S MOTION SHOULD BE DENIED BECAUSE IT SUFFERS FROM THREE FATAL PROCEDURAL DEFECTS

Movant's motion suffers from three procedural defects. First, Movant lacks standing to bring the arguments he raises. Second, Movant has brought his motion before the wrong court. Third, Movant' motion fails to comply with Federal Rule of Civil Procedure 11.

### A.  Movant Lacks Standing to Bring the Arguments He Raises

Movant lacks standing to move the Court to quash the subpoena and to dismiss the action. In regards to Movant's request to dismiss the case, Movant is not yet a party to this action, and should not be allowed to stand in the shoes of an actual Doe Defendant. At this time, Movant is merely a third party who is on notice of his potential status as a party defendant. Courts agree that unserved individuals are not yet "parties" to an action. *Sampson v. Village Discount Outlet, Inc.*, No. 93-3296, 1994 WL 709278, at *2 (7th Cir. Dec. 16, 1994); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 115 (2d Cir. 2010) (holding that unserved individuals "were not yet parties"). As a result, unserved individuals may not properly move to dismiss the action. The proper time to raise these dismissal arguments is after Movants have been named and served as actual Defendants. *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("The Does may raise these issues when plaintiff has named them as defendants, *if that action occurs*.") (emphasis added); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("[T]he plaintiff may, based on its evaluation of [putative defendants'] assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses . . . ."). Because Movant is not yet a party to this action, he lacks standing to move to dismiss it.

In regards to Movant's request to quash the subpoena, when a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or

control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas."). The only exception to this general rule applicable here is a claim of privilege. *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.") All subpoenas issued pursuant to the Court's January 19 Order (ECF No. 9) were issued to nonparty ISPs. And Movant did not make a claim of personal right of privilege anywhere in his motion. (*See generally* ECF No. 13.) Movant's motion should, therefore, be denied, as he lacks standing to bring any of his arguments to quash or modify the subpoena.

### B. Movant's Motion is Not Before the Proper Court

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also Hard Drive Productions v. Does 1-42*, No. 11-1956 (N.D. Cal. Nov. 18, 2011), ECF No. 27 at *1 ("Under Federal Rules of Civil Procedure 45(c)(3), a court has no authority to quash a subpoena that was issued by a court in another district.") Movant's ISP is Wave Broadband. (ECF No. 1-1.) The subpoena to Wave Broadband was issued from the Southern District of Florida. (*See* Wave Broadband Subpoena, attached hereto as Exhibit A.) Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena."). Because Movant failed to bring his motion before the court that issued the subpoena, his motion should be denied.

### C. Movant's Motion Fails to Comply with Federal Rule of Civil Procedure 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P.

11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990). Courts routinely deny motions for failing to comply with this essential rule. *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (denying a motion because "the filer did not state the signer's address, e-mail address, or telephone number as required by Rule 11 of the Federal Rules of Civil Procedure."). Movant fails to provide a name, address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. (*See generally* ECF No. 13.) This Court cannot be sure that Movant has any legal status in this case. *First Time Videos, LLC v. Does 1-95*, No. 11-3822 (N.D. Cal. Nov. 16, 2011), ECF No. 23 at *1 (denying a motion and explaining that "[b]ecause [movant] has disclosed no identifying information, there is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation.") The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22 at *2-3 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movant's motion for failure to comply with this rule.

## II. MOVANT'S SUBSTANTIVE ARGUMENTS ARE ERRONEOUS AND PREMATURE

Movant's arguments on the merits are not a basis for the relief he seeks. First, Movant's personal jurisdiction arguments are premature and not a basis for quashing Plaintiff's subpoena. Second, Movant's misjoinder arguments are erroneous because this case involves a single Defendant. Third, Movant's arguments of the merits are premature and not a basis to quash Plaintiff's subpoena.

**A. Movant's Personal Jurisdiction Arguments are Premature and Not a Basis to Quash Plaintiff's Subpoena.**

Movant argues that the Court "does not have personal jurisdiction over Defendant[ ]" because he "does not reside in the District nor can be found within the District." (ECF No. 13 at 1.) Movant's challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means to evaluate Movant's specific connections with this forum. *Hard Drive Productions, Inc. v. Does 1-46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 at *1 ("to the extent a [movant] argues that this Court lacks personal jurisdiction over him or her, that argument may well have merit but is, at this juncture of the proceedings, premature."); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006) ("In each case, courts have rejected [the jurisdiction] argument as 'premature,' even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction."); *MCGIP, LLC v. Does 1-14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 ("the [movants] argue that this Court may lack personal jurisdiction over them . . . . These arguments are premature."); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3; *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether his jurisdictional defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *3 ("a court cannot assess whether personal jurisdiction exists over a particular defendant until the defendant has been identified."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp. 2d 332, 346 (D.D.C. 2011) ("Without additional information, the Court has no way to evaluate the defendants' jurisdictional

defenses."); *Hard Drive Productions, Inc. v. Does 1-31*, No. 11-22206 (S.D. Fla. Oct. 24, 2011), ECF No. 25 at *5 ("the Court finds [movant's] arguments concerning personal jurisdiction to be premature as it remains unclear whether this individual is a party to this litigation. Moreover, the Court lacks sufficient information at this stage of the proceedings to evaluate its jurisdictions defenses."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild*, 770 F.Supp.2d at 347-48. After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *Id.*; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction arguments are premature.

### B. Movant's Misjoinder Arguments are Erroneous Because this Action Involves a Single Defendant

Movant argues that this case involves misjoinder of the defendant(s). (ECF No. 13 at 1-2.) Plaintiff, however, has only brought this action against a *single* defendant—John Doe. (ECF No. 1.) It is axiomatic to say that a single defendant cannot be misjoined with himself. The case cited by Movant in support of his misjoinder argument is not applicable to the present case, because it was brought against multiple defendants, making joinder an actual issue in that case. (ECF No. 13 at 1-2) (citing *Hard Drive Productions v. Does 1-188*, No. 11-1566 (N.D. Cal. 2011) (the court severed Does 2-188 from the case). Here, there are no parties that can be severed from John Doe. Movant's misjoinder arguments are, therefore, moot.

Further, the majority of courts across the country, considering cases with nearly identical facts, have decided that joinder is proper at this stage in the litigation. *MCGIP, LLC v. Does 1-18*, No. 11-1495 (N.D. Cal. June 2, 2011), ECF No. 14 at *2 ("at this stage in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *First Time Videos, LLC, v. Does 1-76*, 11-3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature

motions to sever prior to discovery"); *Imperial Enterprises, Inc. v. Does 1-3,145*, No. 11-0529 (D.D.C. Aug. 30, 2011), ECF No. 43 at *3 ("With regard to the putative defendants' misjoinder argument, the undersigned agrees for several reasons with the other members of this Court that the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied."); *AF Holdings, LLC v. Does 1-162*, No. 11-23036 (S.D. Fla. Jan. 12, 2012), ECF No. 22 at *7 ("courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate.").

### C. Movant's Arguments on the Merits Are Premature and Not a Basis to Quash Plaintiff's Subpoena

Movant discusses the unreliability of IP address tracing and MAC address tracing. Arguments on the merits are not a basis for quashing Plaintiff's subpoena. *MCGIP, LLC v. Does 1–18*, No. 11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567 (N.D. Cal. Nov. 8, 2011), ECF No. 28 at *5-6 ("While [arguments on the merits] may have merit, they are for another day."). Movant's argument that someone else could have committed the infringement (ECF No. 13 at 2-3) is also premature. *Hard Drive Productions, Inc. v. Does 1-46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19 at *2 ("to the extent a [movant] argues that he or she did not in fact infringe . . . a general denial of engaging in copyright infringement is not a basis for quashing [a subpoena]."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these arguments is after Movant has actually been identified and named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's assertions. *Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d 212, 215 (D.D.C. Sept. 10, 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash

and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses"). The Court should deny the instant motion because Movant's arguments on the merits are premature and not a basis to quash a subpoena.

## CONCLUSION

The Court should deny Movant's motion. Movant's motion suffers from fatal procedural defects: 1) Movant lacks standing to bring the arguments he raises; 2) Movant has brought his motion before the wrong court; 3) Movant' motion fails to comply with Federal Rule of Civil Procedure 11. Movant's arguments on the merits are not a basis for the relief he seeks: 1) Movant's personal jurisdiction arguments are premature and not a basis to quash Plaintiff's subpoena; 2) Movant's misjoinder arguments are erroneous because this case involves a single Defendant; 3) Movant's arguments of the merits are premature and not a basis to quash Plaintiff's subpoena.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: May 23, 2012**

By:     /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 23, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Brett L. Gibbs