Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

PACIFIC CENTURY INTERNATIONAL, LTD.,
Plaintiff,
v.

JOHN DOE,

Defendant.

**No. 2:11-cv-03479-KJM-JFM**

Judge: Hon. Kimberly J. Mueller
Magistrate: Hon. John F. Moulds

**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION FOR PROTECTIVE ORDER**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 174.66.128.247 filed, through attorney Nicholas Ranallo, a motion for a protective order. (ECF No. 17.) Movant requests that the Court prohibit Movant's Internet service provider ("ISP") from "disclosing any of movant's personally identifying information to the Plaintiff" and that the court "dismiss[ ] this case in its entirety". (*Id.* at 2.) For the reasons set forth below Movant's motion must be denied.

**ARGUMENT**

Movant's motion for a protective order must be denied for three independent reasons. First, only parties or persons from whom discovery is sought may move for a protective order. Second, Movant failed to establish good cause. Third, Movant's arguments do not provide a basis for granting his motion for a protective order.

### A. Only Parties or Persons From Whom Discovery is Sought may Move for a Protective Order

The plain language of Federal Rule of Civil Procedure 26 limits the scope of who may move for a protective order. *See* Fed. R. Civ. P. 26(c) ("A *party* or any *person from whom discovery is sought* may move for a protective order ….") (emphasis added). Movant is not a party to this case. *Fed. Sav. & Loans Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1474-75 (5th Cir. 1990) (under common law, unserved parties are nonparties). Movant is not even the John Doe defendant in this case. (ECF No. 1-1 at 2) (listing John Doe's IP address as 76.114.33.61). Nor is Movant an entity from whom discovery is sought. The subpoenas in this matter were issued to Internet Service Providers, not Movant. While there are procedures that would allow Movant to challenge the disclosure of his identifying information, a protective order is not one of them under the circumstances of this case.

### B. Movant Failed to Establish Good Cause

Even if Movant was eligible to move for a protective order, he must still establish good cause. Fed. R. Civ. P. 26(c). This is a near-impossible task under these circumstances because Movant is neither subject to Plaintiff's subpoenas nor required to do *anything* in response to them. He therefore cannot articulate any plausible, "annoyance, embarrassment, oppression, or undue burden or expense" from any of Plaintiff's discovery requests. *See Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (denying motions for protective orders from thirty-five anonymous movants); *MCGIP, LLC v. Does 1–14*, No. 11-2887 (N.D. Ill. July 26, 2011), ECF No. 19 (finding that movants had "failed to show good cause" for an order under Fed. R. Civ. P. 26(c)(1)). Movant's request for a protective order fails on all possible explicit grounds.

To the extent that Movant's request invokes the implicit issue of privacy, it must also fail. A person who uses the Internet to download or distribute copyrighted works without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110,

118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004). Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*, 2011 WL 1807438 at *4 (finding movants' rights to anonymity to be minimal).

**C. Movant's Arguments Do Not Provide a Basis for Granting His Motion for a Protective Order**

Movant advances several arguments in favor of his motion for a protective order. First, Movant argues that Plaintiff has not demonstrated good cause to conduct early discovery in this action. (ECF No. 17-1 at 7-9.) Second, Movant argues that the information sought is not relevant to this case. (*Id.* at 9-14.) Third, Movant argues discovery cannot identify the infringer(s) of Plaintiff's copyrighted works. (*Id.* at 14-15.) Fourth, Movant argues that a protective order will protect him from annoyance, embarrassment, oppression, undue burden and expense, and/or the disclosure of confidential information. (*Id.* at 15-16.) Fifth, Movant argues that the parties have not complied with this Court's order. (*Id.* at 16-17.) None of Movants' arguments provide a basis for granting his motion for a protective order.

**i. The Court did not err in granting Plaintiff's request for expedited discovery.**

Movant requests the Court to reconsider its January 19 order (ECF No. 17) and argues that "the court erred in finding that Plaintiff had demonstrated good cause to obtain expedited discovery of Movant's personal information." (ECF No. 17-1 at 7.) This is a bold request that is granted only in extreme circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)

(explaining that a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") The overwhelming majority of district courts, including courts in this district, presented with similar applications, have granted similar discovery requests. *See e.g.*, *CP Productions, Inc. v. John Doe*, No. 12-00616 (E.D. Cal. Mar. 19, 2012), ECF No. 9 (granting discovery for the identifying information of John Doe and his joint tortfeasors); *Millennium TGA, Inc. v. John Doe*, No. 11-4501 (S.D. Tex. Feb. 9, 2012), ECF No. 6 (same); *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 9, 2012), ECF No. 8 (same). Movant is not allowed to move for reconsideration of a decision simply because he disagrees with the outcome. *See Nunes v. Ashcroft*, 375 F.3d 805, 810 (9th Cir. 2003) Here, the Court's decision was consistent with the majority view on this issue. Reconsideration certainly is not warranted.

**ii. Plaintiff seeks relevant information.**

Movant argues that the information Plaintiff seeks is not relevant to this case. (ECF No. 17-1 at 9-14.) This argument is wrong. The purpose of seeking the Doe Defendant's joint tortfeasors' identities is, *inter alia*, to establish contributory liability against the Doe Defendant and any later-joined parties for the infringing acts of the joint tortfeasors. *See Sony v. Universal City Studios, Inc.,* 464 U.S. 417, 435 (1984) ("[T]he concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another.") In order to prove contributory infringement against a Doe Defendant and any later-joined parties, a plaintiff must prove underlying direct infringements. *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 846 (11th Cir. 1990) ("Contributory infringement necessarily must follow a finding of direct or primary infringement.")

Just as it is necessary to ascertain the Defendant's identity in order to prove his direct infringement, so too is it necessary to ascertain the joint tortfeasors' identities to prove their direct infringement. *Id.* Plaintiff will have no means of seeking information from a joint tortfeasor,

examining digital forensic evidence or assessing the range of possible defenses that a joint tortfeasor might raise without first knowing who he is. *See, e.g.*, *First Time Videos LLC v. John Doe*, No. 11-00690 (E.D. Va. Jan. 4, 2012), ECF No. 7 at 4 ("Further, without these identities Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from coconspirators to aid in proving liability against John Doe and any co conspirators who are later joined to this action.") This, of course, is only one of many grounds for establishing the relevance of the joint tortfeasors' identities to Plaintiff's claims. For example, a plaintiff would have no sense of the extent of damages caused by a joint tortfeasor's infringement unless it had an opportunity to examine digital forensic evidence that is in the sole possession of that individual.

Contributory infringement is a plausible legal theory in BitTorrent-based copyright infringement cases. Courts have already ruled that using BitTorrent to commit copyright infringement triggers contributory infringement liability. *Raw Films, Ltd. v. John Does 1-11*, No. 12cv368-WQH (NLS), 2012 WL 684763, at *2 (S.D. Cal. Mar. 2, 2012) ("Plaintiff's allegation that each defendant was willingly and knowingly a part of the 'swarm' for purposes of the infringing conduct supports Plaintiff's claim of contributory infringement."); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11-CV-575, 2011 WL 6934460, at *1 (S.D. Cal. Dec. 30, 2011) ("Defendant's conduct constitutes contributory infringement of Plaintiff's copyright in addition to direct infringement under 17 U.S.C. § 501."); *Liberty Media Holdings, LLC v. Swarm of November 16, 2010*, *Sharing Hash File A3E6F65F2E3D672400A5908F64ED55B66A0880B8*, No. 11-619, 2011 WL 1597495, at *3 (S.D. Cal. Apr. 26, 2011) ("Plaintiff has alleged the prima facie elements of both direct and contributory copyright infringement . . . .").

Movant makes several arguments on the merits stating that John Doe and his co-conspirators did not interact with one another. (ECF No. 17-1 at 9-10, 13-14.) These arguments are premature and should be raised only if and when Movant is named and served in this case. The legal merits of the case have nothing to do with whether or not Plaintiff's subpoena causes "annoyance, embarrassment, oppression, or undue burden or expense" as required by Rule 26(c).

**iii. The requested information can be used to identify the true infringers of Plaintiff's copyrighted works.**

Movant argues that Plaintiff cannot use the information sought in its subpoenas to identify the infringers of its copyrighted works. (ECF No. 17-1 at 14-15.) This is not true. Even if a subscriber is not the actual infringer, they are the person in possession of information that will allow Plaintiff to identify the individual who used the subscriber's Internet account to commit the infringement. In the overwhelming majority of situations, the subscribers will admit to the infringement or—out of self interest—will identify the individual responsible for the infringement. In situations where the subscriber denies infringement and cannot (or will not) identify the true infringer, Plaintiff will not name and serve any individual associated with that IP address until Plaintiff is able to learn more information. While Plaintiff is sensitive to Movant's concerns regarding innocent subscribers being named in this lawsuit, this concern is unfounded. Further, if Plaintiff were to be denied the identifying information sought in its subpoenas it would be wholly unable to continue with its lawsuit and protect its copyrighted works from the infringing network in which Movant participated.

**iv. Movant's arguments regarding annoyance, embarrassment, oppression and undue burden and expense do not constitute good cause.**

Movant argues that because Plaintiff is an adult content producer, it would be too embarrassing and costly to defend himself against Plaintiff's claims. (ECF No. 17-1 at 15-16.) Leaving aside the fact that Movant is not named a defendant, the "annoyance and embarrassment" referred to in Rule 26 is not the annoyance of having to defend oneself in court. Instead, it is the annoyance and embarrassment associated with responding to a subpoena. *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982) (explaining that a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, *or undue burden or expense*" experienced from the subpoena). Here, no subpoenas were issued to Movant and Movant cannot plausibly claim any annoyance, embarrassment, oppression or undue burden or expense associated with a third-party's compliance efforts. *See supra* Part B.

**v. Plaintiff has complied with this Court's order.**

Movant makes two arguments claiming that Plaintiff has not complied with the Court's order. (ECF No. 17-1 at 16-17.) First, Movant states that "pre-service discovery can only occur when authorized by court order." (*Id.* at 17.) This argument is peculiar because the subpoenas issued were authorized by a Court order (ECF No. 9) and Movant references that order in the same section. This argument must be rejected.

Second, Movant argues that he was not given adequate time to respond to Plaintiff's subpoena. (ECF No. 17-1 at 17.) Movant correctly states that the Court's order gives subscribers "thirty (30) day from the date of notice of the subpoena upon them to file any motions in this court to contest the subpoena." (*Id.*) (citing ECF No. 9 ¶ 4.) Movant further states that he received a letter stating that he had only 13 days to respond file a motion before his information was released. (*Id.*) This letter was presumably sent from his Internet service provider. It could not have been sent from Plaintiff, as Plaintiff does not know who Movant is. Plaintiff cannot be deemed to have disobeyed a Court order based on something for which it had no involvement. Plaintiff complied with the Court's order in its entirety and Movant's motion for a protective order should be denied.

## CONCLUSION

Movant's motion for a protective order must be denied. Only parties or persons from whom discovery is sought may move for a protective order. Movant failed to establish good cause. Movant's arguments do not provide a basis for granting his motion for a protective order.

///

///

///

///

///

///

///

///

Respectfully Submitted,

PRENDA LAW INC.

**DATED: June 5, 2012**

By: ______/s/ Brett L. Gibbs__________________

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6.

/s/ Brett L. Gibbs