Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., <br>         Plaintiff, <br>     v. <br> JOHN DOE, <br>         Defendant. | No. C-11-03479 KJM-JFM <br><br> **PLAINTIFF'S CASE STATUS REPORT** |

**PLAINTIFF'S CASE STATUS REPORT**

Plaintiff Pacific Century International, Ltd. (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Case Management Conference Report pursuant to the Court's Order Setting Status (Pretrial Scheduling) Conference (ECF No. 5), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant John Doe (hereinafter "Defendant") is an alleged copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works

---

[1] Plaintiff submits this Case Management Conference Report on its own because, for reasons discussed more thoroughly below, Plaintiff is the only party in this case at this time.

and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Plaintiff further alleges that Defendant acted in concert with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent protocol.  Currently, the identities of Defendant's alleged joint tortfeasors are unknown because they, including Defendant, all operated under the cover of a network address when they joined a common BitTorrent swarm composed of fellow infringers, and downloaded the same exact files and unlawfully distributed Plaintiff's copyrighted works amongst one another.

On January 5, 2012, Plaintiff filed its Amended Complaint. (ECF No. 6).  On January 12, 2012, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery. (hereinafter "Application," ECF No. 7.)  On January 19, 2012, the Honorable Magistrate Judge John F. Mueller issued his Order granting Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery (ECF No. 9, hereinafter "January 19 Order").  Pursuant to the January 19 Order, Plaintiff served the requisite subpoenas on the ISPs in the United States District Court in the Northern District of Illinois.  Some of the ISPs, including the ISP of John Doe, Comcast Cable Communications ("Comcast"), timely objected to the subpoenas, and Plaintiff brought motions to compel in that district. (*See Pacific Century International, Ltd., v. John Doe,* 1:12-cv-01088 and 1:12-cv-1080 (N.D. Ill)).  Those, and other, cases were eventually consolidated. (*See Pacific Century International, Ltd., v. John Doe,* 1:12-cv-1057, ECF No. 9 (N.D. Ill) (J. Holderman).

On March 30, 2012, Judge Holderman granted in part, and denied in part Plaintiff's Motion to compel. (*See id.* at ECF No. 23)  Relevant to this case, Judge Holderman denied Plaintiff the right to compel the identifying information of John Doe and/or any of his joint tortfeasors. (*Id.*)  In response, on April 9, 2012, Plaintiff filed a Motion to Alter or Amend Judgment that argued, amongst other things, that Plaintiff was entitled to the identifying information of John Doe through the subpoena issued to Comcast by Plaintiff and authorized by this Court. (*Id*. at ECF No. 25.) In its April 30, 2012 Memorandum in Opposition to Plaintiff's Motion to Alter or Amend Judgment, Comcast did not directly controvert or argue against Plaintiff's assertion that Plaintiff was entitled

to, at least per prior court opinions, the identifying information of John Doe; however, did note that it would take an express order by the court before Comcast would comply. (*Id*. at ECF No. 29.)

On May 21, 2012, Judge Holderman issued his Memorandum Opinion and Order denying the Motion to Alter or Amend Judgment. (ECF No. 32.)  While denying the motion, the Court also stated the following:

> First, the plaintiffs point out that in two of the underlying cases, the defendant John Doe is a subscriber of Comcast with an IP address among those subpoenaed by the plaintiffs. They therefore ask that the judgment be altered to order the ISPs to turn over information about those two IP addresses.
>
> The plaintiffs are correct that the identities connected with the IP addresses of two defendants were subpoenaed from Comcast. See Amended Complaint [Dkt. No. 6, Ex. A], Pac. Century Int'l, Ltd v. Unknown, No. 11 C 3479 (E.D. Cal. Jan. 5, 2012) (IP address 76.114.33.61); Amended Complaint [Dkt. No. 6, Ex. A], Hard Drive Prods., Inc. v. Unknown, No. 11 C 3476 (E.D. Cal. Jan. 5, 2012) (IP address 67.172.174.86). They are also correct that information connected to those two addresses is discoverable under the rules articulated in the court's order of March 30. (Dkt. No. 23.) Nonetheless, the court correctly quashed the subpoenas seeking information about those two addresses because those subpoenas also requested information about non-party IP addresses. (Id. at 11.) If the plaintiffs issue additional subpoenas seeking information from only party IP addresses, they can be enforced under the court's order (assuming they are otherwise enforceable under law). (*Id. at* ECF No. 32.)

Pursuant to that order, on information and belief, on or around May 25, 2012, Plaintiff's counsel promptly served that additional subpoena on Comcast to identify the subscriber related to IP address 76.114.33.61.  While the subpoena went out, the information has not been returned in light of the notice and due process time periods provided to John Doe and Comcast to object to the subpoena prior to any of this information is released to Plaintiff. (*See* ECF No. 9, giving "Subscribers… thirty (30) dates from the date of notice of the subpoena upon them to tile any motions in this court to contest the subpoena… [and] the ISPs… ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.")  Ultimately, Plaintiff does not expect to receive this information for at least another month and a half.

///

**(b) Status of Service:**

At this point, as discussed above, Plaintiff has been unable to identify the John Doe infringer. In light of that, Plaintiff is currently unable to name and/or serve a defendant in this case as more thoroughly explained above.

**(c) Possible Joinder:**

Plaintiff has no plans to join parties at this time especially considering Plaintiff is unable to identify John Doe.

**(d) Contemplated Amendments to the Pleadings:**

None.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's First Amended Complaint (ECF No. 6 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over Defendant because Plaintiff believes he/she resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(f) Anticipated Discovery and Scheduling:**

Plaintiff objects, generally, to being required to set any of the following requested dates at this time. Many of the dates are dependent on having a named defendant in this case. There is no named defendant in this case. As such, Plaintiff is likewise unable to provide the Court with any definitive timeline in this case.

(1) <u>Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):</u>

Plaintiff has no suggested changes to the time, form, or requirements for disclosure other than noting that all of these will be entirely depend on when (and if) Plaintiff receives the identifying information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case.

(2) <u>Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:</u>

At this time, before even knowing when (and if) Plaintiff receives the identifying information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case, it is premature for Plaintiff to make a speculate as to the discovery format or timelines necessary.

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

Again, at this time, before even knowing when (and if) Plaintiff receives the identifying information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case, it is premature for Plaintiff to make a guess as to what changes to the limitations on discovery may be needed in the future.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

While Plaintiff currently has no objections to the timing set up in Rule 26(a)(2), at this time, before even knowing when (and if) Plaintiff receives the identifying information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case, it is premature for Plaintiff to make a conclusive statement as to this matter.

(5) <u>Proposed Dates for Discovery Cut-Off:</u>

Again, Plaintiff believes it is pre-mature to make this proposal considering the above.

**(g) Proposed Date by Which all Non-Discovery Motions Should be Filed:**

Without knowing the identity of Doe Defendant, this request is unreasonable at this early stage. Again, at this time, before even knowing when (and if) Plaintiff receives the identifying

information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case, it is premature for Plaintiff to make a guess as to this date.

**(h) Proposed Dates for Final Pretrial Conference and Trial:**

Again, at this time, before even knowing when (and if) Plaintiff receives the identifying information of the subscriber related to IP address 76.114.33.61, and, from there, is able to identify, name and serve John Doe in this case, it is premature for Plaintiff to make a guess as to these dates, especially considering that, at this point, it seems likely that a trial could never take place in this matter in light of the Court's Orders.

**(i) Estimate of Days of Trial:**

Plaintiff best estimate is 4 days.

**(j) Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:**

None.

**(k) Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None.

**(l) Related Case:**

Not applicable.

**(m) Prospect for Settlement:**

Not applicable at this time due to the fact that there is only one party.

**(n) Any Other Matters:**

Plaintiff believes that a status conference is unnecessary as there is nothing substantive to report on at this time outside of the matters discussed herein.  Should the Court require one, Plaintiff would request that the Court allow its attorney, who lives in Marin County, and will be out of the State at the time of Status Conference, to participate via telephone conference.

Plaintiff believes that, in light of the notice period provided to John Doe and Comcast in the Court's January 19 Order, extending the Status Conference for at least two additional months would be appropriate.

Respectfully Submitted,

                              PACIFIC CENTURY INTERNATIONAL, LTD,

**DATED: June 10, 2012**

                    By:      /s/  Brett L. Gibbs, Esq.

                          Brett L. Gibbs, Esq. (SBN 251000)
                          Of Counsel to Prenda Law Inc.
                          38 Miller Avenue, #263
                          Mill Valley, CA 94941
                          blgibbs@wefightpiracy.com
                          *Attorney for Plaintiff*