1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8   PACIFIC CENTURY INT'L, LTD.,

9              Plaintiff,                    No. CIV 2:11-cv-3479 KJM JFM

10          vs.

11  JOHN DOE,

12            Defendant.                     ORDER

13  _____/

14          On June 21, 2012, the court held a hearing on a motion to quash filed by an

15  unidentified John Doe, a second motion to quash filed by non-party John Doe IP Address

16  174.66.234.164, and a motion for protective order and motion for reconsideration filed by non-

17  party John Doe IP Address 174.66.128.247.  Doc. Nos. 11, 13 and 17.  Brett Gibbs appeared for

18  plaintiff.  Nicholas Ranallo appeared for non-party John Doe IP Address 174.66.128.247.  Upon

19  review of the motions, hearing the arguments of counsel and good cause appearing therefor,

20  THE COURT FINDS AS FOLLOWS:

21               RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

22  A.     The Complaint

23          This action was filed on December 30, 2011 and is proceeding on a first amended

24  complaint ("FAC") filed January 5, 2012.  The FAC names a single defendant, John Doe IP

25  Address 76.114.33.61.  See FAC, Ex. A.  Plaintiff alleges that this John Doe and certain co-

26  conspirators, who are not named as defendants in the FAC, illegally downloaded plaintiff's

                                            1

copyrighted creative work, an adult video ("the Work"), from BitTorrent, a file sharing method

that distributes data over the Internet.  According to plaintiff, John Doe IP Address 76.114.33.61

and his co-conspirators participated in a "peer-to-peer" ("P2P") network in which they

exchanged the Work using BitTorrent, thereby taking part in a civil conspiracy to commit

copyright infringement.

Plaintiff states that it knows the Doe defendant and his co-conspirators only by

their IP addresses, which were identified by plaintiff's agents "observ[ing] unlawful

reproduction and distribution occurring among IP addresses listed on Exhibit A ... via the

BitTorrent Internet protocol."  FAC at ¶ 4.  Exhibit A to the FAC lists the IP addresses of the

Doe defendant and the co-conspirators, as well as the date and time in which the individuals at

these IP addresses allegedly engaged in acts of infringement.  Id., Ex. A.

Plaintiff brings suit for copyright infringement, civil conspiracy and contributory

infringement.  Plaintiffs seek an award for both injunctive and monetary relief.  Plaintiff also

declares its intent to seek leave of court to amend the FAC to join John Doe IP Address

76.114.33.61's co-conspirators as defendants.

B.    The Ex Parte Application for Leave to Take Early Discovery

Because plaintiff knew the Doe defendant and the co-conspirators' identities only

by their IP addresses, plaintiff sought leave on January 12, 2012 to take early discovery ("the

Application") in order to subpoena the Internet Service Providers ("ISP") of the IP addresses

associated with the single John Doe defendant and the multiple non-party co-conspirators.  Doc.

No. 7.  In support of the Application, plaintiff submitted the declaration of Peter Hansmeier, a

technician for Media Copyright Group, LLP ("MCG"), explaining how plaintiff had identified

the IP addresses of John Doe and the non-party co-conspirators.  Application, Ex. A.

C.    Order Granting Leave to Take Early Discovery

On January 19, 2012, the undersigned granted the Application, authorizing

plaintiff to serve Rule 45 subpoenas on the ISPs named in Exhibit A of the Complaint.  The

1  subpoenas required the ISPs to notify subscribers of the IP addresses whose information was to

2  be released so that the subscribers would have an opportunity to file objections or motions to

3  quash with the court.

4  D.      The Objection, Motions to Quash and Motion for Protective Order

5              On February 27, 2012, non-party subscriber Tony Truong filed objections to the

6  potential disclosure of his personal and/or identifying information.  Doc. No. 10.  Truong is a

7  resident of Rosemead, California, which is located in the Central District of California.  The

8  subpoena to Charter Communications, Truong's ISP, issued from the Northern District of

9  Illinois.  See Doc. No. 10 at 3.

10             On March 5, 2012, a motion to quash was filed by an unidentified individual.

11  Doc. No. 11.  The motion avers that personal jurisdiction in Illinois is lacking.  Id. The court

12  presumes that this subpoena also issued from the a federal court in Illinois.

13             On May 9, 2012, a second motion to quash was filed by John Doe IP Address

14  174.66.234.164.  Doc. No. 13.  This motion moves to quash the subpoena on four grounds: first,

15  on the basis of lack of personal jurisdiction as this individual neither resides in nor can be found

16  in the Eastern District of California; second, on the ground of improper joinder of parties; third,

17  on the ground that the method of tracing IP addresses is unreliable; and, finally, on the ground

18  that the method for tracing the Media Access Control ("MAC address") that identifies the

19  specific device that allegedly downloaded the Work is unreliable.

20             On May 21, 2012, a motion for protective order and motion for reconsideration

21  was filed by John Doe IP Address 174.66.128.247.  Doc. No. 17.  This motion seeks a protective

22  order because the plaintiff failed to show good cause for the expedited discovery as to the

23  alleged co-conspirators, plaintiff failed to allege that the named defendant ever interacted with

24  any of the alleged co-conspirators; the early discovery is irrelevant (namely, the co-conspirator

25  discovery is unnecessary to identify the named John Doe defendant, plaintiff's assertion that it

26  will seek leave to join the co-conspirators is insufficient to support its request for early

1    discovery, and the requested discovery is irrelevant to the computation of damages against the

2    named John Doe defendant); identification of an IP address does not identify the individual who

3    downloaded a copyrighted work; to protect movant from annoyance, embarrassment, oppression

4    and/or undue burden or expense; and because plaintiff failed to comply with this court's January

5    19, 2012 order authorizing expedited discovery.

6    E.    <u>Plaintiff's Response</u>

7        1.    <u>Motion to Quash</u>

8        In response to the motion to quash filed by John Doe IP Address 174.66.234.164,

9    plaintiff first seeks dismissal of the motion on procedural grounds.  That is, plaintiff argues that

10    movant lacks standing as he is not yet a party to this action; that, pursuant to Federal Rule of

11    Civil Procedure 45(c)(3)(A), movant's motion should be brought in the court that issued the

12    subpoena (the Southern District of Florida); and that movant's motion fails to comply with

13    Federal Rule of Civil Procedure 11 in that movant fails to provide any identifying information.

14        Substantively, plaintiff argues that movant's personal jurisdiction arguments are

15    premature, the misjoinder arguments are erroneous because this case involves a single defendant,

16    and movant's arguments on the merits concerning the reliability of tracing IP and MAC

17    addresses are not a basis for quashing a subpoena.

18        2.    <u>Motion for Protective Order</u>

19        In response to the motion for protective order filed by John Doe IP Address

20    174.66.128.247, plaintiff argues that movant lacks standing to bring this motion as he is not a

21    party to this action.  Plaintiff also argue that movant failed to establish good cause for the

22    issuance of a protective order because movant is not required to do anything subject to the

23    subpoena; only the ISP is required to act in response to the subpoena.  Insofar as movant argues

24    privacy issues, plaintiff counters that the First Amendment does not protective an individual who

25    downloads or distributes copyrighted work without permission.  Lastly, plaintiff argues that

26    reconsideration of the court's January 19, 2012 order is not warranted because the circumstances

1  here are not extreme; the information plaintiff seeks is relevant to establish contributory liability

2  against the joint tortfeasors; the identify of a subscriber is relevant because, assuming that person

3  is not the actual infringer, he or she may possess the identify of the actual infringer; movant's

4  argument that it would be too costly and/or embarrassing to defendant himself against plaintiff's

5  claims lacks good cause; and plaintiff has complied with the court's January 19, 2012 order.

6                                        DISCUSSION

7  A.      Motions to Quash

8              First pending before the court are the March 5, 2012 and May 9, 2012 motions to

9  quash subpoenas issued by courts outside of this district.  The March 5, 2012 motion to quash

10 challenges a subpoena that issued from a court in the State of Illinois.  See Doc. No. 11.  The

11 May 9, 2012 motion to quash challenges a subpoena that issued from the Southern District of

12 Florida.  See Opp'n (Doc. No. 18), Ex. A.  Because federal courts do not have authority to quash

13 or modify a subpoena issued from another district, Fed. R. Civ. P. 45(c)(3)(A), these motions

14 will be denied.

15 B.      Motion for Protective Order / Reconsideration

16             In the May 21, 2012 motion for protective order, John Doe IP Address

17 174.66.128.247 seeks, inter alia, reconsideration of this court's January 19, 2012 order granting

18 plaintiff expedited discovery as to the non-party co-conspirators.  Motions to reconsider are

19 committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441

20 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  A motion for

21 reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and

22 conservation of judicial resources."  Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890

23 (9th Cir. 2000).  To succeed, a party must set forth facts or law of a strongly convincing nature to

24 introduce the court to reverse its prior decision.  See, e.g., Kern–Tulare Water Dist. v. City of

25 Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other

26 grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule

230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

   On review, the court finds that reconsideration is warranted on the ground that the co-conspirator discovery is unnecessary to identify the named John Doe defendant. Since John Doe is the only defendant asserted in the FAC, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity. UMG Recordings, Inc. v. Does 1-4, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006). As noted above, however, plaintiff has not named the alleged co-conspirators in its FAC. Although plaintiff contends that it may seek leave to join the co-conspirators, plaintiff has not done so, and it is not clear that the court would permit such joinder. See, e.g., SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620, at *2-4 (N.D. Cal. 2011); Hard Drive Prods. v. Does 1-130, 2011 WL 5573960, at *4 (N.D. Cal. 2011); Third Degree Films v. Does 1-3577, 2011 WL 5374569, at *3-4 (N.D. Cal. 2011); AF Holdings LLC v. Does 1-97, 2011 WL 2912909, at *2-4 (N.D. Cal. 2011); Pac. Century Int'l Ltd. v. Does 1-101, 2011 WL 5117424, at *2-4 (N.D. Cal. 2011). Further, because the court granted plaintiff's request for expedited discovery regarding John Doe's identity, plaintiff's concerns that without knowing the identities of John Doe and his co-conspirators, "[p]laintiff will have no means to name and serve anyone with process" and "will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action" are unconvincing. Here, plaintiff was given authority to issue a subpoena to John Doe's ISP. Once that ISP responds to the subpoena, plaintiff will presumably be able to identify John Doe, serve process, and proceed with this action (including regularly scheduled discovery). Thus, because plaintiff does not need expedited discovery as to the alleged co-conspirators in order to proceed with this case, that "need" does not outweigh the prejudice to the ISPs, which would necessarily incur some burden (albeit minimal) in responding to the subpoenas.

1       For those reasons, the court finds that, even when acknowledging the risk that the

2  ISPs used by the alleged co-conspirators could destroy the information plaintiff seeks and

3  thereby preclude plaintiff from discovering their identities, plaintiff failed to show good cause to

4  seek discovery as to the co-conspirators.  Accordingly, the court will vacate that portion of its

5  January 19, 2012 order granting plaintiff leave to conduct expedited discovery as to the non-

6  party co-conspirators.

7       Based on the foregoing, IT IS HEREBY ORDERED that:

8       1.  The March 5, 2012 and May 9, 2012 Motions to Quash are denied.

9       2.  The May 21, 2012 Motion for Protective Order and Reconsideration is

10  granted.

11       3.  The January 19, 2012 order is vacated to the extent it grants plaintiff leave to

12  conduct expedited discovery as to the non-party co-conspirators. All subpoenas that have been

13  issued seeking discovery as to the non-party co-conspirators are ordered quashed.  Plaintiff is

14  directed to serve a copy of this order on all ISPs named in Exhibit A of the FAC to whom

15  plaintiff issued subpoenas and is further directed to submit proof of service within fourteen (14)

16  days of the date of this order.  The ISPs shall then serve a copy of this order upon its relevant

17  subscribers within 30 days from the date of service upon them.  Insofar as any personal

18  identifying information of the non-party co-conspirators has already been provided to plaintiff

19  from the ISPs, plaintiff is prohibited from communicating with these subscribers.

20  DATED: June 27, 2012.

                         UNITED STATES MAGISTRATE JUDGE

/014;paci3479.pro_order