Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., )<br>                     Plaintiff, )<br>v.                                                         )<br>                                                           )<br>JOHN DOE,                                     )<br>                     Defendant.          )<br>_____) | No. 2:11-cv-03479-KJM-JFM<br><br>**PLAINTIFF'S EX PARTE MOTION<br>FOR A PRESERVATION ORDER** |

Plaintiff, Pacific Century International, LTD., by and through its undersigned counsel, applies *ex parte* (in light of the fact that it is the only party currently in this case) and respectfully requests that the Court enter an order requiring the Internet Service Providers ("ISPs") listed in Exhibit A to the First Amended Complaint (ECF No. 6-1) to preserve the identifying information Plaintiff sought in its Application for Leave to Take Expedited Discovery (ECF No. 7). On June 28, 2012 the Court issued an order granting a motion for a protective order and quashed "[a]ll subpoenas that have been issued seeking discovery as to the non-party co-conspirators . . . ." (ECF No. 26 at 7.) The Court also recognized that the ISPs "could destroy the information plaintiff seeks and thereby preclude plaintiff from discovering [John Doe's joint tortfeasors'] identities . . . ." (*Id.*)

The Court should, therefore, grant Plaintiff's request because destruction of the identifying information would cause Plaintiff great prejudice and there is no further prejudice to the ISPs to continue preserving this information.

The destruction of the identifying information Plaintiff seeks is imminent. (*See* Internet Service Providers Subpoena Compliance Policies, attached hereto as Exhibit A.) For example, Comcast's subpoena compliance policy states:

> Comcast currently maintains Internet Protocol address log files for a period of 180 days. If Comcast is asked to respond for information relating to an incident that occurred beyond this period, we will not have responsive information and can not fulfill a legal request.

(*Id.* at 6.) Cox Communications' subpoena compliance policy also states that it retains its IP assignment logs for a period of "[u]p to 6 months." (*Id.* at 15.) Plaintiff observed the infringement of its copyrighted work over specific IP addresses back in November and December of 2011 (ECF No. 6-1), so the identifying information associated with those IP addresses is on the verge of destruction. The Court determined that Plaintiff's claims that it "'will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action' are unconvincing" to justify that Plaintiff's "need" will outweigh the "prejudice" to the ISPs. (ECF No. 26 at 6.) Plaintiff will, however, need the identifying information at some point in this litigation in order to determine the extent of the civil conspiracy in which John Doe participated. If the identifying information is destroyed, Plaintiff will have no means to do so and will be effectively barred from pursuing its claims against John Doe to protect its copyrighted work.

On the other hand, there is no prejudice to the ISPs to simply maintain the information they have already gathered. Plaintiff issued its subpoena to the ISPs in January of 2012. The Court initially ordered that the ISPs were to turn over the relevant identifying information to Plaintiff no more than 70 days after being severed with its subpoenas. (ECF No. 9.) Many of the ISPs withheld turning over the information to Plaintiff pending the resolution of the motions to quash and motion for protective order filed in this case. (ECF Nos. 11, 13, 17.) They still gathered the information that Plaintiff sought in order to properly comply with the Court's order if the motions challenging Plaintiff's subpoenas were denied. Plaintiff simply wants the IPSs to not destroy that information until Plaintiff is able to request it after the Rule 26(f) conference. The Court should enter an order

requiring the ISPs listed in Exhibit A to the First Amended Complaint (ECF No. 6-1) to preserve the identifying information Plaintiff sought in its Application for Leave to Take Expedited Discovery (ECF No. 7).

Respectfully Submitted,

PRENDA LAW INC.

**DATED: July 12, 2012**

By:    /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 12, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6.

/s/ Brett L. Gibbs