Nicholas Ranallo, Attorney at Law (SBN #275016)
371 Dogwood Way
Boulder Creek, CA 95006
Phone: (831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com
Attorney for ISP Subscriber
(IP Address 174.66.128.247)

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTL., LTD. | ) Case No.: 2:11-CV-03479-KJM-JFM |
| Plaintiff, | ) Magistrate Judge John F. Moulds |
| vs. | ) MOVANT'S OPPOSITION TO |
| | ) PLAINTIFF'S EX PARTE APPLICATION |
| JOHN DOE, | ) FOR PRESERVATION ORDER |
| Defendant | ) |

Movant, the account-holder associated with alleged "co-conspirator" IP address 174.66.128.247, through undersigned counsel, hereby submits this opposition to Plaintiff's Ex Parte Application for Preservation Order, filed on July 12, 2012. For the reasons set out more fully below, Movant opposes Plaintiff's attempt to use the instant litigation to obtain a preservation order that it intends to use in separate retaliatory litigation against Movant, who previously sought and was granted a protective order.

**I. Introduction and Procedural History**

The instant complaint was filed on December 30, 2011. An Amended Complaint was filed on January 5, 2012, alleging copyright infringement against John Doe and alluding to various "co-conspirators" as described above. On January 12, 2012, Plaintiff applied to this Court for an Ex Parte Application for early discovery, requesting the names and identifying information associated with John Doe and each of the "co-conspirators" who are alluded to in the complaint. On January 19, 2012, this Court granted Plaintiff leave to pursue the requested

Opposition to Plaintiff's Ex Parte Application for Preservation Order - 1

discovery. On May 21, 2012, Movant filed a motion for reconsideration and a for a protective order protecting Movant's identity, based on the fact that Plaintiff has not (and cannot) allege that Movant ever interacted with the sole John Doe defendant in suit and the requested information was therefore irrelevant to Plaintiff's action against John Doe. On June 28, 2012, the Court granted Movant's motion for protective order, vacated its prior order regarding early discovery, and prohibited Plaintiff from contacting those individuals whose identity had already been disclosed. The basis for this decision was, as pointed out by Movant, that Plaintiff has not and cannot allege that John Doe ever interacted with Movant, or any other "co-conspirators."

Hours after this Court's order noted above, Plaintiff's counsel called counsel for the Movant, and demanded that Movant pay $3000 to settle the matter or, Plaintiff threatened, it would file an individual suit against my client and two other clients who had filed motions for protective orders. *See Declaration of Nicholas Ranallo*, annexed hereto, at ¶ 3. The following day, June 29, 2012, Plaintiff's counsel again called Movant's counsel, and reiterated his demand for $3000, or disclosure of my client's defenses to copyright infringement. *Ranallo Dec.* at ¶ 4. I informed Plaintiff that I would not divulge information that was provided to me under privilege.

Plaintiff's counsel then sent a letter, also dated June 29th, which stated that "in light of the recent Court's decision to grant your protective order, our clients in the above-referenced cases may be seeking individual discovery of certain IP addresses, including possibly your clients, **through separate individual suits.**" A copy of this letter is attached hereto as Exhibit A. Plaintiff goes on to state that "the purpose of my call was to give you a chance to explain to me – attorney to attorney – why your client(s) should not be the subject of **further litigation."** Id.

On July 12, 2012, Plaintiff then filed a motion for a preservation order in the instant matter, ignoring the crux of this court's order and arguing that "Plaintiff will, however, need the identifying information at some point in this litigation in order to determine the extent of the civil conspiracy in which John Doe participated" (Doc. 27, pg. 2). Plaintiff makes no attempt to justify the relevance of the requested information to this suit, as indeed they cannot.

//

Opposition to Plaintiff's Ex Parte Application for Preservation Order - 2

## II.  Argument

Movant herein will not repeat each of the arguments that were made in support of its motion for a protective order, though each is equally relevant here.  Suffice it to say, there is simply no reason for this court to believe that the information sought is in any way relevant  to claims against a totally distinct individual who never interacted with John Doe.  The identity of Movant has no bearing on the extent of damages caused by John Doe.

Movant herein will instead focus only on the fact that the requested information, by Plaintiff's own admission, is sought in order to pursue separate litigation in a different forum. Plaintiff has already explicitly threatened such litigation, specifically because this Court granted Movant's protective  order.  As the Supreme Court has recognized (and the Northern District of Illinois cited in relation to the subpoena in this case),

> "When evaluating relevancy, "a court is not required to blind itself to the purpose for which a party seeks information." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978).  Thus, "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Id.*

In a consolidated order examining the "co-conspirator" discovery at issue herein, the Northern District of Illinois determined that the situation described in *Oppenheimer* was "precisely the situation here."  *Pacific Century International, Ltd. v. John Does 1-37* 1:12-cv-01057 (Doc. 23 at pg. 11) (N.D. Ill. Mar. 30, 2012).  The court also stated, quite presciently, that "It is thus plain that the plaintiffs are not seeking information about the non-party IP addresses for the purpose of litigating their current claims. Instead, the plaintiffs intend to either sue the individuals whose identity they uncover or, more likely, to negotiate a settlement with those individuals." *Id.* at 10.   A copy of this order is annexed hereto as Exhibit B.

Movant herein is not asking this court to try to divine Plaintiff's intentions or induce undue skepticism regarding Plaintiff's motives.  Movant is only asking this court to take Plaintiff at their word and conclude that "in light of the recent Court's  decision to grant your protective

order, our clients in the above-referenced cases may be seeking individual discovery of certain IP addresses, including possibly your clients, **through separate individual suits.**" Exhibit A.

### III.  Conclusion

Plaintiff herein seeks a preservation order that it can use to pursue copyright infringement claims against Movant in an entirely separate action.  One need only read Plaintiff's counsel's own words to come to this conclusion – indeed it could not be clearer.  Unfortunately for Plaintiff, "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *Oppenheimer,* 437 U.S. at 353.

Based on the foregoing, Movant respectfully requests that this court deny Plaintiff's application for a preservation order in the instant matter.

Respectfully Submitted,

__/S/ Nicholas Ranallo_____
COUNSEL FOR MOVANT (IP ADDRESS 174.66.128.247)
Nicholas Ranallo, Attorney at Law
California Bar # 275016
371 Dogwood Way,
Boulder Creek, CA 95006
(831) 703-4011
Fax: (831) 533-5073
nick@ranallolawoffice.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system.

By:___/s/Nicholas Ranallo

Nicholas Ranallo