Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., <br>              Plaintiff, <br>     v. <br> JOHN DOE, <br>              Defendant. | No. 2:11-cv-03479-KJM-JFM <br><br> Judge: Hon. Kimberly J. Mueller <br> Magistrate: Hon. John F. Moulds <br><br> **PLAINTIFF'S REPLY TO MOVANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR PRESERVATION ORDER** |

      Plaintiff, Pacific Century International, LTD., through its counsel, hereby submits this reply to Movant's opposition to Plaintiff's ex parte application for a preservation order. Movant argues that the Court should deny Plaintiff's motion for a preservation order because Plaintiff will use the information it seeks to preserve to bring individual actions against his clients. (ECF No. 29.) This argument is erroneous for three reasons.

      First, the information Plaintiff seeks to preserve is relevant to the present lawsuit even if the information is relevant to separate individual lawsuits. (*See* ECF No. 27 at 2.) The crux of Movant's argument is that Movant believes that Plaintiff will use the information in individual satellite lawsuits. (ECF No. 29.) This concern, even if well-founded, does not reduce the relevance of the identifying information to the present lawsuit. Plaintiff seeks a preservation order because the identifying information is relevant to this present action and, as the Court recognizes, the Internet Service Providers with the information "could destroy the information plaintiff seeks and thereby preclude plaintiff from discovery [John Doe's joint tortfeasors'] identities . . . ." (ECF No. 26 at 7.)

Movant asserts no counterarguments regarding these points. (ECF No. 29.) The mere fact that information may be relevant to a separate lawsuit does not reduce the relevance of the information to this lawsuit.

Second, the fact that Plaintiff can bring an individual lawsuit against Movant does reduce Plaintiff's critical need to preserve the identifying information. Movant bases his argument on a letter sent Plaintiff's counsel sent to Movant's counsel. (ECF No. 29-2.) In the letter, Plaintiff explained that it may be seek to bring separate individual suits against the infringers. (*Id.*) This statement is, of course, accurate as copyright infringement has occurred over Movant's Internet Protocol address. Plaintiff's preference is to use Movant's identifying information in its claims against John Doe—a serial copyright infringer—and hold him jointly and severally liable for the actions of his joint tortfeasors, including Movant. If this option is unavailable to Plaintiff, however, it may elect to pursue individual action against John Doe's joint tortfeasors. It should be noted that if John Doe is held jointly and severally liable for the actions of Movant, Plaintiff would be precluded from pursuing a separate individual action against Movant. Further, Movant's requested relief acts to John Doe's great prejudice, as John Doe would ostensibly eventually bring a suit in contribution against Movant.

Third, Movant's reliance on *Oppenheimer* does not provide a basis to deny Plaintiff's motion for a preservation order. (ECF No. 29 at 4) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)). Movant cites *Oppenheimer* for the proposition that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." (ECF No. 29 at 4) (quoting *Oppenheimer*, 437 U.S. at 353 n 17). Plaintiff's motion for a preservation order is not a "discovery request," however, and Plaintiff is not attempting to "gather information" for any proceeding. (ECF No. 27.) Plaintiff is only attempting to preserve information vital to this lawsuit before it is destroyed by Internet Service Providers. Further, the petitioner in *Oppenheimer* was attempting to use the discovery request to shift the cost of notifying class members on to the respondents. 437 U.S. at 353 n 18, 364. The Court found that this was not a proper use of discovery. *Id.* Because the information Plaintiff seeks to preserve is not wholly

1  irrelevant to the action, as it was in *Oppenheimer*, the case is inapplicable here. Because Movant has
2  not provided a valid basis to prevent the preservation of the relevant identifying information of John
3  Doe's joint tortfeasors, the Court should grant Plaintiff's motion for a preservation order.

                              Respectfully Submitted,

                              PRENDA LAW INC.

**DATED: July 23, 2012**

                        By: _____/s/ Brett L. Gibbs_____

                              Brett L. Gibbs, Esq. (SBN 251000)
                              Of Counsel to Prenda Law Inc.
                              38 Miller Avenue, #263
                              Mill Valley, CA 94941
                              blgibbs@wefightpiracy.com
                              *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 23, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6.

/s/ Brett L. Gibbs