IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PACIFIC CENTURY INT'L, LTD.,

    Plaintiff,                                               No. CIV 2:11-cv-3479 KJM JFM

    vs.

JOHN DOE,

    Defendant.                                         <u>ORDER</u>

_____/

        On August 23, 2012, the court held a hearing on plaintiff's motion for preservation of evidence. Brett Gibbs appeared for plaintiff. Nicholas Ranallo appeared for non-party John Doe IP Address 174.66.128.247. Upon review of the motion, hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The court incorporates by reference the factual and procedural history of this case as set forth in this court's June 28, 2012 order. Doc. No. 26. By that order, the court vacated an order issued on January 19, 2012 to the extent it granted plaintiff leave to conduct expedited discovery as to the non-party co-conspirators identified as IP Addresses in Exhibit A of the first amended complaint.

        Plaintiff has now filed a motion for preservation of evidence, through which it seeks an order directing the Internet Service Providers ("ISP") to retain any identifying

1

1  information associated with each co-conspirator IP Address.  Plaintiff argues this is necessary
2  so that it may determine the extent of the civil conspiracy in which the named John Doe
3  participated.  In support, plaintiff has submitted the retention policy of three ISPs (Comcast
4  Communications, Cox Communications, and Time Warner Cable / Road Runner), each of which
5  maintains IP Address Assignment Logs for a period of 180 days.  See Doc. No. 27, Ex. A.  The
6  alleged infringement in this case occurred from November through December 2011.  Plaintiff
7  argues the identifying information is on the verge of destruction, and that the ISPs will not be
8  prejudiced to maintain information they have already gathered in response to the January 2012
9  subpoena.

10  Non-party co-conspirator IP Address 174.66.128.247 ("movant") has filed an
11  opposition to plaintiff's motion.  Movant claims that the IP information of the co-conspirators is
12  irrelevant to determine the extent of damages caused by the named John Doe.  Movant asserts
13  that plaintiff actually wants this information in order to initiate separate lawsuits against the co-
14  conspirators.  Thus, movant argues that because the information is irrelevant to this litigation and
15  because plaintiff has expressed its intent to sue movant in a separate suit, plaintiff's motion
16  should be denied.

17  Plaintiff counters that even if the requested information will be used to initiate a
18  separate lawsuit, it remains relevant to this action and, as such, its request should be granted.

19  At present, movant's concern that the IP information will be used by plaintiff to
20  initiate a separate suit is unfounded.  A preservation order will do nothing more than order the
21  ISPs to retain information; it will not release information to plaintiff.

22  That being said, plaintiff's argument that the information is necessary to
23  determine the extent of damages under its civil conspiracy claim is unclear.  Under California
24  law, to state a cause of action for civil conspiracy, the complaint must allege (1) the formation
25  and operation of a conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the
26  damage resulting from such act or acts." Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d

1  989, 992 (9th Cir. 2006) (internal citations omitted).  Plaintiff does not explain why it needs the
2  identities associated with the co-conspirators' IP Addresses for a damages determination.
3        Additionally, plaintiff has submitted the retention policies of only three ISPs
4  (Comcast Communications, Cox Communications, and Time Warner Cable / Road Runner), but
5  the alleged co-conspirators' ISPs include a number of other companies such as Verizon Online,
6  AT&T Internet Services, OC3 Networks & Web Solutions, RCN Corporation,
7  Reliablehosting.com, DSL Extreme, Suddenlink Communications, etc.  See Doc. No. 6, Ex. A.
8  Plaintiff has not submitted the retention policy of any of these other companies.
9        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preservation
10 of evidence is partially granted.  The court hereby orders Comcast Communications, Cox
11 Communications, and Time Warner Cable / Road Runner to preserve, until further instructed, the
12 identifying information, including the names, addresses, telephone numbers, email addresses,
13 and media access control information, associated with the IP Addresses of their customers as
14 listed in Exhibit A of the first amended complaint and attached hereto.
15 DATED: August 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

19 /014;paci3479.mtp